**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY D. WARREN, D.C. and TITAN MEDICAL COMPLIANCE, LLC,<br><br>Defendants. | : | Civil Action No. 21-4511 |

**UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST TIMOTHY D. WARREN, D.C. AND TITAN MEDICAL COMPLIANCE, LLC**

For the reasons set forth in the attached memorandum, pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff United States of America moves for entry of default judgment, as set forth in the attached proposed order, against Defendants Timothy D. Warren, D.C. and his wholly owned company, Titan Medical Compliance, LLC.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

GREGORY B. DAVID
Chief, Civil Division

*/s/ Charlene Keller Fullmer*
CHARLENE KELLER FULLMER
Deputy Chief, Civil Division

*/s/ Matthew E. K. Howatt*
MATTHEW E. K. HOWATT
DEBORAH W. FREY
Assistant United States Attorneys
615 Chestnut Street, Suite 650
Philadelphia, PA 19106
(215) 861-8335(Howatt)/8352(Frey) (Phone)
(215) 861-8618 (Fax)
matthew.howatt@usdoj.gov
deborah.frey@usdoj.gov

Dated: September 28, 2022

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY D. WARREN, D.C. and TITAN MEDICAL COMPLIANCE, LLC,<br><br>Defendants. | : | Civil Action No. 21-4511 |

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST TIMOTHY D. WARREN, D.C. AND TITAN MEDICAL COMPLIANCE, LLC**

Pursuant to Federal Rule of Civil Procedure 55(b)(2) and for the following reasons, Plaintiff United States of America moves for entry of default judgment against Defendants, Timothy D. Warren, D.C. ("Warren") and his wholly owned company, Titan Medical Compliance, LLC ("Titan") (collectively, "Defendants").

Since filing a deficient Answer on July 6, 2022, Dkt. No. 30, Defendants have failed to appear, plead, or otherwise defend this action, and the Clerk of the Court entered defaults against the Defendants on September 14, 2022. By their defaults, Defendants are deemed to have admitted the factual allegations of the United States' Complaint.

The damages that the United States sustained because of the Defendants' conduct, as well as the number of false claims for which the Defendants are responsible, are set forth in the attached Declaration of Dawn Wiggins ("Wiggins Declaration" or "Wiggins Dec."), which provides the basis for the judgment under the False Claims Act, 31 U.S.C. § 3729, *et seq*. ("FCA"). In summary,

considering among other things, Defendants' inability to pay, the United States seeks less than the full hundreds-of-million-dollar amount it could recover. The United States' proposed $15,270,066 judgment seeks only the *minimum* per claim FCA penalties for the four representative example providers set forth in the Complaint. As per the Court's September 14, 2022 Order, Dkt. No. 39, the United States respectfully requests that the Court enter default judgment against each of the Defendants as described more fully below.

## PROCEDURAL HISTORY

The United States filed its Complaint on October 14, 2021, Dkt. No. 1, and personally served Warren with a summons and the Complaint on October 15, 2021, Dkt. No. 3. On November 4, 2021, Brem Moldovsky, Esq., entered his appearance as counsel for Defendants. Dkt. No. 4. The Defendants' initial deadline for filing an answer to the United States' Complaint was November 5, 2021; however, on that date the parties stipulated to allow Defendants until December 14, 2021 to respond to the Complaint, which the Court approved on November 8, 2021. Dkt. No. 7. Thereafter, the Court granted various further extensions of time for Defendants to respond to the Complaint. Dkt. No. 9, 13, 21, 26. On April 6, 2022, Defendants filed a motion to, among other things, dismiss the complaint for failure to state a claim. Dkt. No. 22. Defendants later withdrew that motion pursuant to a stipulation after conferring with the United States. Dkt. No. 25.

On July 6, 2022, Defendants' counsel filed an Answer to the Complaint. Dkt. No. 30. Notwithstanding the fact that Defendants' counsel sought and received multiple extensions for their response to the United States' Complaint, the Court determined that the Answer was deficient and "question[ed] . . . whether Dr. Warren ever worked with counsel prior to the filing of the Answer." Dkt. 36, ¶ 11. Mr. Moldovksy's July 14, 2022 letter in support of his request to withdraw

explained that the Answer "lacked any specific and informed denials due to Defendants' overall lack of cooperation and participation[,]" *id*., ¶ 13.

On July 15, 2022, in a detailed order setting forth the procedural history, the Court granted Mr. Moldovsky's motion to withdraw as counsel because of, among other things, Defendants' failure to work with him to defend the case against them. Dkt. No. 36. In that Order, the Court re-emphasized that corporate-entity Defendant Titan could not proceed *pro se*, and ordered Defendant Titan to engage new counsel and directed Defendant Warren to engage new counsel or file a notice of his intent to proceed *pro se* by August 15, 2022. *Id.*, ¶¶ c-d. The Court further stated that if either Defendant did not comply as ordered, Plaintiff could request entry of default. *Id.*

On August 29, 2022, the Court issued an order finding that Defendants had failed to comply with the foregoing obligations because they had failed to file anything in response, and permitted the United States fourteen days (*i.e.*, until September 12, 2022) to "request entry of default from the Clerk of Court." Dkt. No. 37. Accordingly, on September 12, 2022, the United States filed its request for Clerk's entry of default against each Defendant. Dkt. No. 38. On September 14, 2022, the Clerk entered default against each Defendant.

## STANDARD OF REVIEW

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. When the movant shows that a party has failed to plead or otherwise defend, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). After the clerk has entered a default, the plaintiff may seek a default judgment. Fed. R. Civ. P. 55(b). By virtue of the entry of default, the Defendants are deemed to have conceded the factual allegations of the United States' Complaint. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the

amount of damages, will be taken as true.'") (citing 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (2d ed. 1983)); *E. Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) ("Once a default judgment has been entered, the well-pleaded, factual allegations of the complaint, except those relating to the damage amount, are accepted as true and treated as though they were established by proof.") (citations omitted). Moreover, in reviewing a plaintiff's claim for damages after an entry of default, "courts have held that hearings are unnecessary where 'detailed affidavits and documentary evidence' have been submitted[.]" *IBEW Loc. 351 Pension Fund v. George Sparks, Inc.*, Civil Case No. 14-2149, 2015 WL 778795, at *2 (D.N.J. Feb. 24, 2015) (citing *Tamarin v. Adam Caterers*, 13 F.3d 51, 54 (2d Cir. 1993)); *see also Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 n.8 (E.D. Pa. 2014) ("Rule 55(b)(2)'s language regarding hearings is permissive. If the court can determine the amount of damages to be awarded based on affidavits or other evidentiary materials, '[t]he Court is under no requirement to conduct an evidentiary hearing with testimony.'" (quoting *E. Elec. Corp.*, 657 F. Supp. 2d at 552)); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (4th ed. Supp. 2022) ("[N]umerous courts have determined that a hearing is not required before entering a default judgment . . . . It is within the court's discretion to determine if a hearing is necessary or if sufficient information is available to determine damages without one.").

Also, the Third Circuit has directed district courts to examine three additional factors to determine whether to grant a default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

## ARGUMENT

The United States is not seeking a default judgment for the full scope of damages caused by the Defendants. United States understands that the Defendants may not be able to pay an FCA judgment based on the full scope of damages they caused. As a result, to save the time and resources of the parties and the Court, the United States seeks a default judgment on a limited subset of alleged conduct for the causes of action in its Complaint that are referenced below.[1] Although the United States reserves its right to pursue all alleged claims and the full extent of permissible damages against the Defendants, the United States respectfully requests that the Court enter a default judgment against the Defendants based on the well-pleaded facts in the United States' Complaint and the summary of relevant claims data in the Wiggins Declaration, as explained more fully below.[2] Additionally, the three-factor test from *Chamberlain* weighs in favor of granting this default judgment motion.

**A. Causes of Action**

The FCA provides in pertinent part, that any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim . . . is liable to the United States Government [for statutory damages and such penalties as are allowed by law]." 31 U.S.C. §§ 3729(a)(1)-(3) (2006), as amended by 31 U.S.C. § 3729(a)(1)(A)-(C) (2010).

---

[1] Additionally, in a May 4, 2022 stipulation, the United States voluntarily agreed to dismiss the third cause of action enumerated in the Complaint, Payment by Mistake. Dkt. No. 25.

[2] The United States can provide the full claims data, should the Court request it.

As set forth in the Complaint, Warren knowingly and falsely promoted auricular electro-acupuncture devices, specifically the P-Stim, ANSiStim, and Stivax devices, as reimbursable by Medicare and as approved by the Food and Drug Administration ("FDA"). Warren's false assurances drove sales of these devices and caused millions of dollars of improper claims to be submitted and paid out by Medicare and Tricare, in violation of the FCA. Dkt. No. 1 ("Compl.") ¶¶ 99, 141-143. Through his companies ChiroMeetings and Titan, Warren held himself out as an expert in medical coding and compliance. Compl. ¶¶ 57. Throughout the relevant period, Warren knew that Medicare did not allow reimbursement for acupuncture and that the reimbursement codes he advised using did not describe electro-acupuncture devices. Compl. ¶¶ 69, 79-88, 130-140. Despite this knowledge, from at least 2014 through 2018, Warren produced documentation and directly advised medical providers to seek Medicare reimbursement for these devices. Compl. ¶¶ 66-68, 70, 118, 123-128. For this work, Warren was paid tens of thousands of dollars by auricular electro-acupuncture device distributers and other clients. Compl. ¶¶ 65-70, 112-113.

The Complaint provides four representative examples of providers who submitted claims and were paid for those false P-Stim claims caused by Defendants' fraudulent reimbursement advice: (1) Neurosurgical Care, LLC; (2) Campbell Medical Clinic; (3) Align Health & Holistic Medical Center; and (4) A.C.W., Inc. (the "Four Representative Providers"). Compl. ¶¶ 145-222. In those now-admitted paragraphs, the Complaint provides specific facts that explain why Warren and Titan caused the submission of those false claims. As generally explained in the Complaint, there are many other providers beyond the Four Representative Providers whom Warren and Titan caused to submit false claims. However, this motion focuses on the Four Representative Providers.

**1. First Cause of Action- FCA: Presentment of False Claims (31 U.S.C. § 3729(a)(1)(A))**

The allegations in the Complaint, summarized above, are accepted as true and uncontested by the Defendants by virtue of the entry of default. These facts establish that Defendants knowingly caused to be presented materially false and fraudulent claims for payment or approval to the United States, including claims for reimbursement by the Medicare Program that were false and fraudulent because they were for services for which the Medicare Program does not reimburse. As detailed in the Complaint, the Medicare Program would not otherwise have paid for these false and fraudulent claims. Defendants caused to be presented these claims with actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

**2. Second Cause of Action- FCA: Making or Using False Statements Material to a False Claim (31 U.S.C. § 3729(a)(1)(B))**

The facts in the Complaint, accepted as true, also establish that Defendants knowingly caused to be made or used, false statements, which included false certifications and representations on forms CMS 1500 and/or its electronic equivalent, known as the 837P form, to obtain approval for and payment by the United States for false or fraudulent claims as detailed above. Defendants' false representations were made for the purpose of causing the Medicare Program to pay the false or fraudulent claims, which was a reasonable and foreseeable consequence of Defendants' statements and actions. Compl. ¶¶ 16-23. The false certifications and representations caused to be made by Defendants were material to the payment of the false claims by the United States. The false statements were made with actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

**B. FCA Damages Generally, including Treble Damages**

The FCA, 31 U.S.C. § 3729(a)(1), provides that any person who violates its provisions is liable to the United States Government for three times the amount of damages that the Government sustains because of the act of that person, plus a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990. *See* 28 C.F.R. § 85.5 (setting forth the current penalties level of not less than $12,537 to a maximum of $25,076 for each violation of the FCA); *see also Cook Cnty. v. United States ex rel. Chandler*, 538 U.S. 119, 122 (2003). A reduced multiplier of "not less than 2 times the amount of damages which the Government sustains," is not applicable here because, among other reasons, the Defendants did not voluntarily disclose to the United States all information known to them about their false claims violations within thirty days after they first obtained the information and before any FCA civil action had commenced. 31 U.S.C. § 3729(a)(2); *Cook Cnty.*, 538 U.S. at 122. Where damages are sought, the applicable multiplier for FCA damages is mandatory. *Fresenius Med. Care Holdings, Inc. v. United States*, Civil Case No. 08-12118, 2013 WL 1946216, at *6 (D. Mass. May 9, 2013) ("[T]he government need only prove its single damages, after which multiple damages are applied as a matter of course." (citing 31 U.S.C. § 3729(a)(1))), *aff'd*, 763 F.3d 64 (1st Cir. 2014); *U.S. ex rel. Dunleavy v. Cnty. of Delaware*, 279 F.3d 219, 225 (3d Cir. 2002) (discussing the "mandatory nature of the treble damages provision"), *vacated on other grounds*, 538 U.S. 918 (2003).

Moreover, "[i]f several defendants are found responsible for submitting false claims, they are jointly and severally liable for the full amount of damages and penalties." Claire M. Sylvia, The False Claims Act: Fraud Against the Government § 4:78 (3d ed. Supp. 2022) (collecting cases).

As noted above, due to the Defendants' inability to pay, among other considerations, the United States is not seeking *any* damages attributable to the amount paid to any provider. For context, as the Wiggins Declaration explains, the Four Representative Providers *alone* were paid $6,039,173, which would result in treble damages of $18,117,519 even without adding penalties. Wiggins Dec. ¶¶ 7-12.

**C. Statutory Penalties**

As is relevant here, for civil penalties assessed after May 9, 2022, whose associated violations occurred after November 2, 2015, the civil penalty amounts range from a minimum of $12,537 to a maximum of $25,076. 28 C.F.R. § 85.5.[3]

It is well-settled, however, that the United States has discretion under the FCA "to accept reduced penalties." *United States ex rel. Bunk v. Gosselin World Wide Moving, N.V.*, 741 F.3d 390, 408 (4th Cir. 2013), *cert. denied*, 574 U.S. 819 (2014); *see also United States v. Mackby*, 339 F.3d 1013, 1015 (9th Cir. 2003) (upholding penalties sought by United States on 111 of 1459 false claims)), *cert. denied*, 541 U.S. 936 (2004); Sylvia, The False Claims Act § 7:3 ("Although penalties are mandatory, the Government may elect to waive them." (citations omitted)). As the Fourth Circuit has suggested, a plaintiff's discretion to willingly accept a lesser judgment "is virtually unbounded." *Bunk*, 741 F.3d at 406.

The United States seeks a judgment based *only* on *minimum* per claim penalties for the Four Representative Providers. Those four providers submitted and were paid for 1218 claims. Wiggins Dec. ¶ 12. Applying the $12,537 minimum per claim penalty amount, the total penalties sought for the Four Representative Providers are $15,270,066.

---

3 For violations occurring between September 28, 1999, and November 1, 2015, and for assessment made before August 1, 2016, the civil penalty amounts range from a minimum of $5,500 to a maximum of $11,000. 28 C.F.R. § 85.3(a)(9).

For further context, if added to the $18,117,519 treble damages, the total damages *and* penalties for the Four Representative Providers would be $33,387,585. *Id.* Additionally, as the Wiggins Declaration also notes, the total per claim penalties for the 13,300 claims submitted by the many providers who Warren and Titan caused to submit false claims is $167,742,100, including $83,383,587 for code L8679 alone—which does not include any paid claims or treble damages. *Id.* ¶ 12. In other words, the United States could seek hundreds of millions of dollars in total damages and penalties. But again, for inability-to-pay and other reasons, the United States is not asking for a judgment of that amount in this motion. Rather, the United States is only requesting minimum per claim penalties for the Four Representative Providers.

**D. Requested Judgment**

For the reasons set forth above, the United States has met the standard for the entry of the requested default judgment. "The well-pleaded facts contained in the complaint, along with the declaration, establish a basis for the relief sought and an award of damages." *United States v. A Perfect Fit for You, Inc.*, Civil Case No. 17- 174, 2019 WL 6049940, at *3-4 (E.D.N.C. Nov. 14, 2019) (entering a default judgment in the amount of $34,708,945.42, pursuant to the False Claims Act, on the basis of the complaint's allegations and a declaration); *see also United States v. Bruce,* Civil Case No. 12- 7635, 2013 WL 5780812, at *4 (D.N.J. Oct. 25, 2013) (entering default judgment in the amount of $109,521.00, pursuant to the False Claims Act, on the basis of "record evidence")*; Deutsche Bank Nat. Tr. Co. v. Vika*, Civil Case No. 13- 243, 2013 WL 2155180, at *2 (M.D. Pa. May 17, 2013) (entering default judgment in a non-False Claims Act matter on the basis of the complaint, exhibits, and an affidavit supporting the amount of damages requested). Accordingly, the United States respectfully requests that the Court enter judgment in the amount

of $15,270,066 (*i.e.*, the minimum per claim penalties amount for the Four Representative Providers).

**E. Three *Chamberlain* Factors**

The Third Circuit's three factor test from *Chamberlain v. Giampapa* also counsels in favor of default judgment. 210 F.3d 154, 164 (3d Cir. 2000).

First, regarding prejudice to the plaintiff, Warren has repeatedly failed to defend this case against him, as the Court has already found in allowing Warren's counsel to withdraw. *See* Dkt. No. 36. Additionally, as the Court has also found, Warren then failed to comply with the Court's order and find counsel for himself or Titan or advise that he would proceed *pro se*. Dkt. No 37-38. "'Considerable delays, especially those that might 'stretch on indefinitely,' are sufficient to show prejudice to the plaintiff." *Joe Hand*, 3 F. Supp. 3d at 271 (quoting *Grove v. Rizzi 1857 S.P.A.*, Civil Case No. 04-2052, 2013 WL 943283, at *2 (E.D. Pa. Mar 12, 2013)). Absent the Court's intervention, this matter would not have moved forward because of Warren's non-responsiveness to date and likely will not move forward if this motion is not granted. As explained above, Defendants have caused many millions of dollars of damages to the United States Medicare Program that the Government is trying to recoup as soon as possible. Therefore, the United States, as Plaintiff, has been prejudiced by Defendants' default and would be further prejudiced if the Court were to deny this motion.

Second, as to whether the defendant appears to have a defense, "the court may presume that an absent defendant who has failed to answer has no meritorious defense, because '[i]t is not the court's responsibility to research the law and construct the parties' arguments for them[.]'" *Id.* at 271-272 (citations omitted). Although Warren's now-withdrawn counsel technically filed an answer in this case, the Court determined that the answer was deficient and "question[ed] . . .

whether Dr. Warren ever worked with counsel prior to the filing of the Answer." Dkt. 36, ¶ 11. Mr. Moldovksy's July 14, 2022 letter in support of his request to withdraw explained that the answer "lacked any specific and informed denials due to Defendants' overall lack of cooperation and participation[,]" *id.*, ¶ 13. The Court should continue to disregard this deficient answer. Moreover, while Defendants' counsel filed a motion to dismiss for failure to state a claim, Dkt No. 22, Defendants withdrew that motion after conferring with counsel for the United States, Dkt. 25. The Court has also given Defendants a final opportunity to respond, within fourteen days from this filing. Dkt. No. 39. If Defendants respond and offer any defense, the United States will reply. However, if present trends hold, Defendants will continue to offer no defense.

As to the third and final factor, "the defendant's failure or refusal to 'engage[] in the litigation process and [to] offer[] no reason for this failure or refusal' may 'qualif[y] as culpable conduct with respect to the entry of a default judgment—indeed, for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative." *Joe Hand*, 3 F. Supp. 3d at 271 (quoting *E. Elec. Corp.*, 657 F. Supp. 2d at 554). As recounted above, the Court has already found that Defendants have repeatedly flouted this Court's previous orders and failed to defend themselves. Accordingly, default judgment is appropriate and necessary.

## CONCLUSION

For the above reasons, the United States respectfully requests that the Court enter judgment against the Defendants pursuant to Rule 55(b)(2).

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

GREGORY B. DAVID
Chief, Civil Division

*/s/ Charlene Keller Fullmer*
CHARLENE KELLER FULLMER
Deputy Chief, Civil Division

*/s/ Matthew E. K. Howatt*
MATTHEW E. K. HOWATT
DEBORAH W. FREY
Assistant United States Attorneys
615 Chestnut Street, Suite 650
Philadelphia, PA 19106
(215) 861-8335(Howatt)/8352(Frey) (Phone)
(215) 861-8618 (Fax)
matthew.howatt@usdoj.gov
deborah.frey@usdoj.gov

Dated: September 28, 2022

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing United States' Motion for Default Judgment Against Timothy D. Warren, D.C. and Titan Medical Compliance, LLC, was served via United States mail, upon *pro se* Defendants at the following address:

Timothy D. Warren, D.C. and
Titan Medical Compliance, LLC
1415 W. 31st Street South
Wichita, Kansas 67217

*/s/ Matthew E. K. Howatt*
MATTHEW E. K. HOWATT
DEBORAH W. FREY
Assistant United States Attorneys

Dated: September 28, 2022