IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 21-4511 |
| TIMOTHY D. WARREN, and TITAN | : | |
| MEDICAL COMPLIANCE, LLC, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 24th day of October, 2022, upon consideration of Plaintiff's Motion for Default Judgment and the attached Declaration (Doc. No. 40), and there being no response, I find the following:

**Procedural Background**

1. The claims at issue arise out of events between the years of 2014 and 2018 when Defendants Timothy D. Warren and his wholly-owned company Titan Medical Compliance, LLC ("Titan Medical") (collectively, "Defendants") are alleged to have falsely promoted auricular electro-acupuncture devices as reimbursable by Medicare, and other federal insurers, and as approved by the Food and Drug Administration ("FDA").  According to the Complaint, even though such devices were not approved by the FDA or reimbursable by Medicare, Defendants were paid thousands of dollars to convince medical providers that they could reap profits by billing federal insurers for these devices. (Compl. pp. 1–2.)

2. On October 14, 2021, Plaintiff, the United States of America, filed a Complaint against Defendants, alleging violations of the False Claims Act.  By stipulation of the parties, Defendants were given an extension until December 14, 2021 to file a responsive pleading, and then a second extension until January 14, 2022.

3. During the year following the Complaint, Defendants repeatedly represented to Plaintiff's counsel and to the Court that they intended to fully cooperate in Plaintiff's proposed settlement of the matter. On numerous occasions, I granted extensions to Defendants in order to accommodate personal tragedy suffered by Defendant Dr. Timothy Warren and to allow Defendants to produce documents related to Plaintiff's ability-to-pay analysis. Defendants' representations about cooperation, however, never came to fruition, and the case did not conclude.

4. In this time period, Defendants' counsel filed multiple requests to withdraw, claiming that Defendants had failed to communicate and had not paid substantial amounts of legal fees. In an effort to promote efficient resolution of this matter, and cognizant that corporate parties cannot proceed *pro se*, I repeatedly denied these requests.

5. In July 2022, Defendants' counsel submitted a third motion to withdraw as counsel and followed up with detailed recitations of his efforts to communicate with his clients. On July 15, 2022, I issued an order finding that, given Defendants' failure to cooperate with or communicate to counsel, failure to pay attorneys' fees, failure to participate in the litigation, and multiple misrepresentations to counsel, leave to withdraw was warranted. In that same order, I stayed the case for thirty days, during which Defendant Titan Medical was directed to engage new counsel, and Defendant Warren was required to either engage new counsel or file a notice of intent to proceed *pro se*.

6. Neither Defendant complied with this order within the thirty-day stay. Accordingly, on August 29, 2022, I issued another order directing Plaintiff to seek default. Following Plaintiff's timely request, such default was entered on September 14, 2022.

7. On September 28, 2022, Plaintiff filed the current Motion for Default Judgment. Defendants filed no response.

**Whether Entry of Default Judgment is Proper**

8. Plaintiff moves for entry of default judgment against Defendants under Federal Rule of Civil Procedure 55(b)(2). Under this Rule, after a default is entered against a party, the court may enter a default judgment against a party who has failed to plead or otherwise defend. "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the default should be entered." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2685 (3d ed.) Three factors must be considered in deciding whether to enter default judgment: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

9. Under the Chamberlain factors, entry of default judgment is appropriate here. First, Plaintiff will suffer prejudice if default is denied. This matter has been pending for over a year with little to no progress. Much of that time resulted from Defendants' repeated misrepresentations that they were interested in settling the case and would cooperate to produce documents in connection with Plaintiff's ability-to-pay analysis. Since Defendants' counsel was granted leave to withdraw, Defendants have been silent, showing no intention of participating in this litigation at all. "'Considerable delays,' especially those that might 'stretch on indefinitely,' are sufficient to show prejudice to the plaintiff." Joe Hand Promotions, Inc. v. Yakubets, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014) (quoting Grove v. Rizzi 1857 S.P.A., No. 04-2053, 2013 WL 943283, at *2 (E.D. Pa. Mar. 12, 2013)).

10. Second, Plaintiff has stated cognizable claims under the False Claims Act against Defendants, and Defendants have failed to present any litigable defense. "[O]utside of the court's obligation to decide whether it has jurisdiction and whether the complaint states a

3

claim, the court may presume that an absent defendant who has failed to answer has no meritorious defense because '[i]t is not the court's responsibility to research the law and construct the parties' arguments for them.'" Id. at 271–72 (internal citations omitted) (quoting Econ Folding Box Corp. v. Anchor Frozen Foods Corp., 515 F.3d 718, 721 (7th Cir. 2008)).

11. Third, as set forth both above, and more fully in my July 15, 2022 Order, Defendants have repeatedly failed to abide by Court orders or participate in resolution of this matter, despite multiple representations that they intended to do so. A defendant's "failure or refusal to 'engage[] in the litigation process and [to] offer[] no reason for this failure or refusal' may 'qualif[y] as culpable conduct with respect to the entry of a default judgment—indeed, for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative.'" Id. at 272 (quoting E. Elec. Corp. of N.J. v. Shoemaker Constr. Co., 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009)).

12. As all three factors weigh in favor of default judgment, I will enter default judgment for Plaintiff and against Defendants on the claims of (1) presentment of false claims in violation of 31 U.S.C. § 3729(a)(1)(A), and (2) making or using false statements material to a false claim, 31 U.S.C. § 3729(a)(1)(B).

**Amount of Default Judgment**

13. Under the False Claims Act, any person who violates its provisions "is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note, Public Law 104-410), plus 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. § 3729(a)(1). "The FCA imposes civil penalties on a *per-violation basis* plus three times actual damages." U.S. ex. Rel. Int'l Bhd.

of Elec. Workers Local Union No. 98 v. The Farfield Company, 5 F.4th 315, 324 (3d Cir. 2021) (emphasis added).  Where multiple defendants are found responsible for a particular false claim, they are jointly and severally liable for the penalty in addition to any damages assessed.  U.S. v. Bd. of Ed. of City of Union City, 697 F. Supp. 167, 172 (D.N.J. 1988).

14. Here, Plaintiff has provided a Declaration from Dawn Wiggins, an auditor with the United States Attorney's Office who assists with investigating cases involving fraud against federal programs.  Ms. Wiggins avers that the Government suffered $6,039,173 in actual damages based on 1,218 claims made to Medicare by four health care providers who received fraudulent reimbursement advice from Defendants.  (Wiggins Decl. ¶¶ 7–12.) Under the automatic trebling provision, Defendants would be liable for $18,117,519 in actual damages alone.  Due to Defendants' inability to pay, among other considerations, Plaintiff is not seeking any actual damages.  See U.S. ex rel. Bunk v. Gosselin World Wide Moving, N.V., 741 F.3d 390, 405–06 (4th Cir. 2013) (noting that the plaintiff possesses "considerable latitude" with respect to the amount of damages sought in an FCA case).

15. Plaintiff does, however, seek statutory penalties for Defendants' violations.  The current penalties level is set forth in 28 C.F.R. § 85.5, and provides for a minimum penalty of $12,537 per violation and a maximum of $25,076 per violation.  28 C.F.R. § 85.5.  Plaintiff seeks a judgment premised only on the minimum per claim penalty of $12,537.  Based on 1218 fraudulent claims for which Defendants are responsible, the total penalties amount to $15,270,066 (1218 claims times the minimum statutory penalty of $12,537).

16. Given that Plaintiff could have also demanded actual damages of $18,117,519 and could have pursued damages for additional false claims discovered by the Government's investigation, I find that a judgment in the amount of $15,270,066—representing only minimum statutory penalties on the 1218 identified claims—is appropriate.

**WHEREFORE**, it is hereby **ORDERED** that:

a.  Plaintiff's Motion for Default Judgment (Doc. No. 40) is **GRANTED**.

b.  **JUDGMENT IS ENTERED** on Counts I and II of the Complaint, in favor of Plaintiff and against Defendants Timothy D. Warren, D.C. and Titan Medical Compliance, LLC, on a joint and several basis, in the amount of $15,270,066 in civil penalties.

c.  The Clerk of Court shall mark this case **CLOSED**.

                         **BY THE COURT:**

                         */s/ Mitchell S. Goldberg*
                         **MITCHELL S. GOLDBERG, J.**